State *v.* Leach.

## STATE OF MAINE *versus* LEACH.

On a complaint under c. 48 of the Acts of 1853, praying for a warrant to search for spirituous liquors, where the name of the person by whom the liquors are alleged to be deposited, is stated, the warrant issued thereon must require the officer to *arrest* such person, and have him *forthwith* before the justice issuing it.

If in such case the warrant only require the respondent to be *summoned*, and such is the prayer of the complaint, the proceedings are unauthorized and insufficient.

Where such complaint and warrant, by leave of the justice, were amended, and it then appeared, that the complaint was made and warrant issued on the *fifth*, commanding the officer to arrest the respondent and have him before the justice on the *eighteenth* of the same month; *held*, that the complaint and warrant were illegal and void.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

COMPLAINT *and search warrant* under the first section of c. 48, of the Acts of 1853. The place to be searched was the dwellinghouse of Peter Leach, the defendant, who was alleged to have deposited in his house spirituous liquors intended for illegal sale.

The complaint and warrant were made on Nov. 5, 1853. The complaint concluded with a prayer, " that said Peter Leach may be summoned to appear forthwith before the said justice at the North Penobscot school-house in said town on the nineteenth day of November, at 1 o'clock P. M., to make answer," &c.

The warrant contained a similar requirement to summon defendant to appear at that time.

At the return day the defendant appeared and by reason

State v. Leach.

of the absence of counsel for the State, the case was continued by the justice to the 22d of the same month, when a motion was made to quash the process for defects therein.

A motion by the counsel for the State was made to amend, which was allowed; and in the complaint the words "summoned to appear" were erased, and the words "arrested and brought" inserted in their place. The warrant was also changed to correspond with the complaint, and the officer's return was also altered by striking out "summoned" and adding "arrested."

A trial was afterwards had, and the respondent convicted and the liquor found ordered to be destroyed. The defendant appealed.

In the appellate Court many objections were made to the proceedings, which were all overruled, and the case was tried and the defendant convicted. Exceptions were taken to the rulings.

Only two of the objections made need be stated.

4. The warrant, as issued, served and returned, was not in conformity to law, inasmuch as it required the officer (if he found the liquors) to summon the defendant, &c.

5. Also, as amended and in its present shape, it is not sufficient because it requires the officer to have the defendant before the magistrate at a certain time, *eleven* days distant, and then make his return, instead of "forthwith."

*Hinckley*, in support of the exceptions.

*Evans*, Attorney General, *contra*.

The defect complained of was duly amended. The defendant was not obliged to appear on being summoned, and before he pleaded, was arrested agreeably to the amended warrant, and had "forthwith" before the magistrate.

If the warrant was defective in the particular stated, and would not for that reason justify the arrest, the defendant is not without his remedy. The officer, and perhaps the magistrate, may be liable; or he might have been relieved from arrest on *habeas corpus*. But it is no answer to the

*complaint.* The plea was to the *complaint.* If the warrant is merely the *authority* by which the defendant is brought before the Court, however deficient it may be, when he *is* before the Court, he answers to the complaint. That, and that only, is the matter to be heard.

Would the Court discharge a prisoner brought in upon a warrant, against whom an indictment had been found, for any defect in the warrant itself? Or would they hold the prisoner to answer to the indictment?

The statute authorized the amendment made.

SHEPLEY, C. J. — Whether the process was issued by virtue of the first or eleventh section of the Act approved on March 31, 1853, the name of the person by whom the liquors were alleged to have been deposited being stated, the Act declared that " the officer shall be commanded in and by said warrant, if he find such liquors, to arrest such person or persons and have them forthwith before the judge or justice, by whom such warrant was issued."

The complaint and warrant, as issued, did not contain such a prayer or command. The warrant was issued on November 5, 1853, in conformity to the prayer of the complaint, commanding the officer to summon the person named "forthwith to appear before me, at one of the clock in the afternoon at the North Penobscot school-house, in said Penobscot, on the nineteenth of November, 1853." These precepts were clearly illegal. They were not only unauthorized, but were issued in violation of the provisions of the statute.

The accused appeared on the day last named, and there being no counsel for the State, the case was continued to the twenty-second day of the same month, when the counsel for the accused made objection to the complaint, warrant, and service; and on motion of the attorney for the State the complaint was amended by an erasure of the words " summoned to appear forthwith," and by an insertion in their place, of the words " arrested and brought," so that the

complaint then prayed, that the person named might be arrested and brought before the justice on the 19th day of November; and the warrant was so amended as to command that he should be arrested and brought before the justice on that day.

These documents, as amended, were not authorized by the provisions of the statute, which commanded the arrest to be made, and the prisoner to be forthwith brought before the magistrate. They authorized the arrest and detention of the accused in violation of the provisions of the statute, from the 5th to the 19th day of November.

An amendment of the return of the officer appears also to have been permitted and made, not in conformity to the truth.

These processes being illegal, both before and after their amendment, cannot be sustained, and it will not be necessary to consider the other matters presented.

*Proceedings quashed.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.